## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

**LUIS VAZQUEZ,** individually and on behalf of all others similarly situated

      Plaintiff,

v.

**CAFE ON THE GREEN CORP.**, a Florida corporation,
**GEORGE ANDRIS**, individually, and
**ARIENE ANDRIS**, individually,

      Defendants.

### COMPLAINT

COMES NOW, the Plaintiff, LUIS VAZQUEZ, individually and on behalf of those similarly situated (hereinafter as "Plaintiff") by and through the undersigned counsel, hereby brings this action against Defendants, CAFE ON THE GREEN CORP. (hereinafter referred to as "CAFE ON THE GREEN"), and GEORGE ANDRIS, individually (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"). Plaintiff seeks unpaid wages, unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, reasonable attorney's fee and costs from Defendants. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendants or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendant is a Florida corporation who transacts business in Broward County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, LUIS VAZQUEZ, is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendants on or about September 2007, and worked for Defendant as a Dishwasher/Bus boy.

4. At all times material, Plaintiff, LUIS VAZQUEZ, was an employee of Defendants within the meaning of the FLSA.

5. The Defendant, CAFE ON THE GREEN, is a corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendants was an employer as defined by 29 U.S.C. §203(d).

6. At all times relevant, the Defendant, GEORGE ANDRIS, was an individual resident of the State of Florida. GEORGE ANDRIS, who owned and/or operated CAFE ON THE GREEN, where Plaintiff was employed. Defendant GEORGE ANDRIS is involved in the

day-to-day opertation of CAFE ON THE GREEN and was responsible for the supervision of the Plaintiff.  Defendant GEORGE ANDRIS acted and acts directly in the interests of CAFE ON THE GREEN in relation to its employees, and thus, Defendant GEORGE ANDRIS was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7.   At all times relevant, the Defendant, ARIENE ANDRIS, was an individual resident of the State of Florida.   ARIENE ANDRIS, who owned and/or operated CAFE ON THE GREEN, where Plaintiff was employed.  Defendant ARIENE ANDRIS is involved in the day-to-day opertation of CAFE ON THE GREEN and was responsible for the supervision of the Plaintiff.  Defendant ARIENE ANDRIS acted and acts directly in the interests of CAFE ON THE GREEN in relation to its employees, and thus, Defendant ARIENE ANDRIS was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

8.   Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

9.   Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

10.  At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.

11.  At all times material, Plaintiff regularly was engaged in commerce or the production of

goods for commerce.

12.   Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants.

13.   The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendants who worked on or after May 17, 2009, and who did not receive the required minimum wages and/or worked overtime hours but did not receive time-and-a-half wages for such overtime hours.

14.   At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

15.   Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during Plaintiff's employment with Defendants.

16.   Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

17.   However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to them.


**COUNT I**
**FEDERAL MINIMUM WAGE**

18.   Plaintiff, LUIS VAZQUEZ, realleges and incorporates herein the allegations contained in paragraphs 1-17.

19.   The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act

by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, LUIS VAZQUEZ, demands judgment against the Defendants, jointly and severally, for the following:

(a)    Unpaid minimum wages found to be due and owing;

(b)    An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c)    Prejudgment interest in the event liquidated damages are not awarded;

(d)    A reasonable attorney's fee and costs; and

(e)    Such other relief as the Court deems just and equitable.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION

20.    Plaintiff, LUIS VAZQUEZ, realleges and incorporates herein the allegations contained in paragraphs 1-17.

21.    Plaintiff is entitled to be paid time and one-half of Plaintiff's regular rate of pay for each hour worked in excess for Forty (40) hours per work week.   All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

22.    By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) have suffered damages plus incurring costs and reasonable attorney's fees.

23.    As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff

and those similarly situated to him) are entitled to liquidated damages.

24.     Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to

pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is

entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiffs, LUIS VAZQUEZ, and those similarly situated to Plaintiff who

opt into this action, demand judgment against the Defendants, jointly and severally, for the

following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional amount equal to the minimum overtime wages found to be due and

owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and

(e)     Such other relief as the Court deems just and equitable.


**COUNT IV**
**DECLARATORY RELIEF**

25.     Plaintiff, LUIS VAZQUEZ, respectfully seeks the issuance of an Order, pursuant to the

Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants actions as

described in the Complaint as unlawful and in violation of FLSA and applicable

regulations and are and were willful as defined in FLSA.


**DEMAND FOR JURY TRIAL**

26.     Plaintiff demands a jury trial on all issues so triable.

DATED:  May 22, 2012

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
bjm@mllawfl.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993